### TARVER, relator, *v.* USHER.

No law provides that the appointee to fill a vacancy in the office of solicitor of the city court of Springfield shall fill out the unexpired term in which the vacancy occurs; but a vacancy in that office is to be filled by appointment of the Governor until the next general election, when a solicitor is to be elected to fill the unexpired term (Ga. L. 1908, p. 211). The act of 1911 (Ga. L. 1911, p. 169) does not apply to the case; and the Governor was authorized to appoint the relator as solicitor at the time this was done.

No. 1474. NOVEMBER 17, 1919.

Quo warranto. Before Judge Sheppard. Effingham superior court. May 26, 1919.

*Travis & Travis,* for plaintiff.

*Wilson & Rogers,* for defendant.

FISH, C. J. By act of 1911 it was provided: "That where any person is appointed to fill a vacancy in the office of judge, solicitor, or clerk of any court of this State under a law which provides that such appointee shall fill out the unexpired term in which such vacancy occurred, if at the end of such unexpired term the person elected to fill such office shall not be qualified to take it, or if the person elected to fill such office shall have died prior to the end of such unexpired term, or if a vacancy occurs from any other cause, then the person appointed to fill out such unexpired

term shall continue in office during the term succeeding that in which such vacancy occurred, providing there is no other provision in law for filling such term." Acts 1911, p. 169, Park's Ann. Code, § 265 (a). The act creating the city court of Springfield in and for the county of Effingham (Acts 1908, p. 211) declares, in the second section thereof: "Any vacancy in said office [the judgeship] shall be filled by appointment of the Governor *until the next general election, when a judge shall be elected to fill said unexpired term.*" (Italics ours.) As to the office of solicitor of the court the fourth section declares: "Any vacancy in said office shall be filled in the same manner as vacancies in the office of the judge of said court." The solicitor of the court, who had been elected for a term of four years to expire January 1, 1919, resigned in August, 1918. The Governor thereafter appointed Jesse Usher to fill the unexpired term, and to him issued a commission providing that his term of office should extend to January 1, 1919, and until his successor should be appointed and qualified, unless the office should be vacated or annuled in accordance with law. A general election was held at the regular time in November, 1918, at which time Allen N. Keifer was duly elected for the full term of four years beginning January 1, 1919. He died in December, 1918. No election was held to fill the unexpired term of the resigned solicitor, viz., from the date of the general election to January 1, 1919. On January 20, 1919, the Governor appointed Hugh R. Tarver Jr. as solicitor of the court, issuing to him a commission providing that it should continue in force from the date thereof until January 1, 1921, and until his successor should be appointed and qualified, unless the office should be sooner vacated or annuled in accordance with law. Tarver qualified. Usher continued to act as solicitor from the date of his qualification, and was discharging the duties of the office at the date of Tarver's appointment and qualification, and refused to turn over the office to Tarver on his demand. Tarver as relator brought quo warranto proceedings against Usher as respondent, for the office. On the hearing by the judge of the superior court, where the foregoing facts were admitted, the court decided that Usher was entitled to the office. Tarver excepted.

The provisions of the act of 1911, above quoted, do not apply to this case; and the judgment complained of must be reversed.

By reference to that act it will be observed that its application is expressly limited to cases where one is appointed to fill a vacancy in the. office of judge, solicitor, or clerk of any court of this State, *under a law which provides that such appointee shall fill out the unexpired term in which such vacancy occurred.* There is no law which provides that the appointee to fill a vacancy in the office of the solicitor of the city court of Springfield shall fill out the unexpired term when a vacancy occurs in such office; but the act establishing such court expressly provides that a vacancy in such office shall be filled by appointment of the Governor *until the next general election, when a solicitor shall be elected to fill the unexpired term.* The Governor, at the time of the appointment of Tarver, was authorized to make it.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*